CITY OF ROCK ISLAND

v.

W. P. CARLIN.

*Municipal Corporations—Negligence of—Personal Injuries—Instructions.*

1.   In an action brought to recover from a municipality for an injury received while using one of its highways, the plaintiff can only recover upon affirmative proof, by a preponderance of the evidence, that the same was guilty of wrongful act or neglect.

2.   An instruction in such case directing a verdict for the plaintiff upon the sole condition that he was exercising reasonable care and diligence at the time of the accident should not be given.

3.   It can not be said as a matter of law that a city must close a street while changing its grade, or become liable for all damages occasioned by its condition to persons using it with full knowledge of such condition.

4.   In the case presented, this court holds that the charges of negligence are not proved against the defendant, that the plaintiff was injured through his own want of care, and that the judgment in his favor can not stand.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. JOSEPH L. HAAS, for appellant.

City of Rock Island v. Carlin.

Messrs. E. M. Sharon and McEniry & McEniry, for appellee.

Cartwright, J.   In December, 1888, Fifth avenue was a public street of the city of Rock Island, running east toward Moline, upon which street there were two tracks of a horse railroad laid along the north part of the street, leaving a space of about thirty feet in width south of the south track in the roadway for teams.   The street cars going east ran on the south track, and those going west ran on the north track.   There was a street car barn on the south side of the street, and from this barn switch tracks ran into the tracks on the street, connecting them with the barn.   In that month a grade had been established in the street by the city, and the work of raising the tracks and the street to the established grade was commenced and carried on.   The tracks were first raised, and the streets were being filled with rock and earth to the required level.   During the prosecution of this work, appellee sustained injuries to his personal property in consequence of two different accidents in the use of the street, and sued appellant for the damages resulting therefrom.

According to his testimony, the first accident occurred December 13, 1888, when he was hauling a load of coal with his team along the street and ran a wheel over a large rock on the opposite side of the switch from the street car barn, and broke the wheel.   He testifies that the rock was not there in the morning of the same day, and there is no evidence how the particular rock came there, except that the city was at that time filling the street with earth and rock at that place to raise it to grade.   The filling of the street was lawful and proper, and the use of rock for the purpose is common and not improper.   The fact alone that one such rock was of the size of the one in question afforded no evidence of a wrongful act on the part of the appellant.   But it is apparent that this accident was due to appellee's own want of care.   The condition of the street was open and visible, and there is no excuse appearing in the evidence for

his voluntary attempt to drive over a rock which would cause the breaking of his wheel.

The second accident occurred December 24, 1888, and resulted in breaking the wagon and injuring one horse, from which injury it is alleged that the horse afterward died. On that occasion appellee was traveling west on the street with a load of coal, and when he reached the street car barn he attempted to follow the switch from the south side of the street so as to strike the north street car track. If he succeeded in striking the rails of the north track he could drive along on the rails in the same direction that the cars ran until he would reach a good street some blocks west of the barn. If, however, he should fail to strike the north track, and should go along the south track, he would be in a position to meet street cars, which ran every seven or eight minutes, and would be obliged to turn out of the track for such cars. The street car rails were laid upon stringers, which were supported by cross-ties, and the street had not yet been filled above the cross-ties between the rails, and it would be almost, if not wholly, impossible to turn out across the rails with a loaded wagon, and injury to the wagon or team, or both, would be extremely probable; so that if appellee should strike the south track he would inevitably place his property in a perilous position. He was unsuccessful in reaching the north track, but struck the south track with the right wheels of the wagon between the rails and the left wheels south of the south rail. If he should proceed in that way, he would be in a position to meet cars, and probably be unable to get out of their way with safety. This he did, and went bumping over the ties and straddling the south rail, until he met a street car two or three blocks west of the barn, when he tried to turn out, and the wagon was broken and the horse injured. The street south of the tracks was not in good condition, but was not impassable. The process of filling and leveling was going on, and it was in a formative and incomplete condition, so that it could not be traveled as easily as an ordinary street; but still it was passable for teams, and was

in regular use for the ordinary purposes of a street. The court gave to the jury, at the request of the appellee, this instruction: " The court instructs the jury, that although you may believe from the evidence that the plaintiff knew the condition of Fifth avenue at the place of the alleged accident, yet, if you further believe from the evidence that the plaintiff was exercising reasonable care and diligence for the safety of his horse and wagon under the circumstances, at the time of the alleged accident, you should find for the plaintiff." This instruction directed a verdict for the plaintiff upon the sole condition that he was exercising reasonable care and diligence at the time of the accident. He could only recover upon affirmative proof, by a preponderance of the evidence, that the city was guilty of wrongful act or neglect, and this instruction directed a verdict without requiring any proof of liability. Again, the main question affecting his conduct did not relate to the time of the accident, but to his having put himself in a position of danger by going on the south track before and at some distance from the place of the accident. The instruction was bad. This instruction was also given for appellee: " The jury are instructed that the law is that while the defendant had the right to allow street car companies to occupy its streets with the rails of its car tracks, and allow them to place them on a level with any changed grade of the street established by the city, and have the right to change the grade of its streets, and to repair them, and have the right to close its streets temporarily while changing the grade or repairing the same, still the defendant is liable for all injury or damage resulting from their defective condition after notice, while such streets are held open to the public by the city, to any person suffering such injury or damage, while such person was exercising due care and diligence under all the circumstances of the case." While this instruction declares the right of the city to change the grade of the street, it asserts a liability of the city for all consequences arising from the doing of such lawful act, regardless of the manner or degree of care with which it is

done, if the changing makes it defective during the change. The only escape from liability, according to the instruction, is to close the street. The evidence is that this street was the only one leading from Rock Island to Moline, and it can not be said as a matter of law, that the city must close it while changing the grade, or become liable for all damages occasioned by its condition, to persons using it with full knowledge of such condition.

The changing of a grade and filling of a street, as in this case, necessarily and unavoidably affects the use of the street unfavorably for a time; but the act is lawful, and if the work is done with reasonable regard to the interests of the public there is no liability, for there is no element of wrong in so performing a lawful act. This city was not bound to give appellee notice of a condition of things with which he was thoroughly conversant, nor to bar his approach to the south track to prevent him from putting his property in a position of known danger.

When all the evidence is considered together, it does not tend to prove either misfeasance or negligence on the part of the appellant, causing either of the injuries to appellee's property complained of, but does prove that they were each due to his own want of ordinary care. The evidence showing that there is no cause of action, the judgment will be reversed.

*Judgment reversed.*

Finding of facts to be incorporated in judgment:

We find that appellant was not guilty of either of the acts of negligence charged in the declaration or any count thereof, and that there is no evidence in the record tending to prove any or either of the charges of negligence in either count of the declaration contained, in manner and form as therein charged.

We further find that the injuries to appellee's property complained of in the declaration were each caused by his own negligence and want of ordinary care.